**Parlin MISJUWAR; Winny Sumarli, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 05–71787, 05–74505.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

Eugene C. Wong, Robert G. Ryan, Law Offices of Eugene C. Wong Inc., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Richard M. Evans, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Parlin Misjuwar, and his wife and daughter, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and petition for review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BIA's order, following its grant of petitioners' motion for reconsideration, affirming its earlier order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petitions for review.

Substantial evidence supports the IJ's finding that the harm Misjuwar suffered did not rise to the level of past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that Misjuwar failed to demonstrate a well-founded fear of future persecution, because, although Misjuwar is a member of a disfavored group, he failed to demonstrate sufficient individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 925–28 (9th Cir.2004). Further, Misjuwar's fear of persecution is undermined by the unharmed presence of similarly situated family members in Indonesia. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Misjuwar introduced no evidence that a political opinion would be imputed to him, *see Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002), and Misjuwar's contention that the agency failed to consider background reports is not supported by the record. Finally, the record does not compel the conclusion that the ethnic and religious strife in Indonesia amounts to a pattern or practice of persecution against ethnic Chinese Buddhists in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Misjuwar failed to establish eligibility for asylum.

Because Misjuwar failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for with-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

holding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Misjuwar's CAT claim fails because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITIONS FOR REVIEW DENIED.**